Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Elle Scott**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Great Love Media, LLC d/b/a Podpopuli**, an Arizona company; and **Brian Howie,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Elle Scott ("**Plaintiff**"), for her Verified Complaint against Defendants Great Love Media, LLC d/b/a Podpopuli ("**Podpopuli**" or "**Entity Defendant**"); and Brian Howie (all together known as **"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover minimum wage compensation,

liquidated damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the AWS.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff's state law claims are sufficiently related to her federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Elle Scott resided in the District of Arizona.

9. Plaintiff Elle Scott was a full-time employee of Defendants from on or around August 21, 2023, until on or around November 3, 2023 ("all relevant times").

10. At all relevant times, Plaintiff Elle Scott was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff Elle Scott was an employee of Defendants as

defined by A.R.S. § 23-362(A).

12. At all relevant times, Plaintiff Elle Scott was an employee of Defendant Podpopuli as defined by A.R.S. § 23-350(2).

13. Defendant Podpopuli is a company authorized to do business in Arizona.

14. Defendant Podpopuli was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. Defendant Podpopuli was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. Defendant Podpopuli was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17. Defendant Brian Howie is an Arizona resident.

18. Defendant Brian Howie has directly caused events to take place giving rise to this action.

19. Defendant Brian Howie is a member of Podpopuli.

20. Defendant Brian Howie is an owner of Podpopuli.

21. Defendant Brian Howie is an employer for Podpopuli.

22. Defendant Brian Howie has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

23. Defendant Brian Howie has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

24. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Brian Howie is an employer.

25. Defendant Brian Howie had the authority to hire and fire employees.

26. On or around August 21, 2023 Defendant Brian Howie participated in interviewing Plaintiff.

27. Defendant Brian Howie supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

28. Defendant Brian Howie would give Plaintiff and other employees directions of daily tasks to complete.

29. Defendant Brian Howie determined the rate and method of Plaintiff's payment of wages.

30. Defendant Brian Howie paid Plaintiff bad/bounced checks.

31. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Brian Howie is subject to individual and personal liability under the FLSA.

32. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

33. Defendants, and each of them, are sued in both their individual and corporate capacities.

34. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

35. Plaintiff has a good faith reasonable belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2023.

36. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

37. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

38. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

39. Plaintiff would communicate with Defendants via text message, email, and telephone.

40. Plaintiff is a covered employee under individual coverage.

41. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

42. The entity Defendant is a podcast studio and distribution company.

43. On or around August 21, 2023, Plaintiff Elle Scott commenced employment with Defendants as a Talent worker.

44. Plaintiff's primary job duties included secretarial work.

45. Plaintiff was to be paid a salary of $60,000.

46. Plaintiff estimates that she worked around 40 hours a week.

47. Plaintiff was a non-exempt employee.

48. Plaintiff did not receive payment for wages from August 28, 2023, until November 3, 2023.

49. Plaintiff estimates she is owed around $6,000.

50. Defendants failed to properly compensate Plaintiff for her hours worked.

51. Plaintiff, therefore, did not receive her FLSA minimum wage or Arizona

Doc ID: 044891001deb03d985c54f62b24c35b823dbb23c

minimum wage.

52. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on her next paycheck.

53. On November 9, 2023, counsel for Plaintiff sent Defendant Brian Howie a demand letter for unpaid wages.

54. On November 9, 2023, Defendant Brian Howie responded and said he mailed a check for $3,819.18 to Plaintiff via certified USPS mail and provided the tracking number 7020 0090 0001 8370 3077.

55. The tracking number did not move for days.

56. Counsel for Plaintiff followed up multiple times with Defendant Brian Howie on the status of receiving the check.

57. Defendant Brian Howie made multiple excuses on why the check did not move through the USPS system.

58. On November 22, 2023, Defendant Brian Howie said he went to the post office and the check would finally start moving.

59. It was clear and per the tracking number that Defendant Brian Howie had not actually mailed out the check like he said on November 9, 2023.

60. On November 29, 2023, Plaintiff went to the post office and picked up the check using the tag she had received on her door when she was not home.

61. Plaintiff cashed the check on November 29, 2023.

62. The check that Plaintiff received from Defendants bounced.

63. Defendant Howie said he could pay counsel for Plaintiff via a credit card payment and a link for payment was sent to him on November 30, 2023.

64. On December 4, 2023 counsel for Plaintiff resent Defendant Brian Howie a link for payment.

65. Later that same day, Defendant Brian Howie submitted payment via an e-check instead of a credit card payment as requested by counsel for Plaintiff.

66. On December 7, 2023 the e-check to counsel for Plaintiff bounced.

67. Defendants had no intention of paying Plaintiff.

68. Defendants willfully sent bad checks to Plaintiff and Plaintiff's counsel.

69. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

70. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

71. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

72. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

73. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

74. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

75. Defendants have intentionally failed and/or refused to pay Plaintiff's minimum wage according to the provisions of the FLSA.

76. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 206.

77. In addition to the amount of unpaid minimum wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

78. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

79. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

80. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

81. Defendants have not made a good faith effort to comply with the FLSA.

82. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

83. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

84. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

85. Defendants intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

86. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is

entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

87. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
### (ONLY AGAINST ENTITY DEFENDANT)

88. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

89. At all relevant times, Plaintiff was employed by Entity Defendant within the meaning of the Arizona Wage Statute.

90. Entity Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

91. Entity Defendant was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

92. Entity Defendant failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

93. Entity Defendant has willfully failed and refused to timely pay wages due to Plaintiff.

94. As a result of Entity Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the

following acts:

    i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

    iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

    v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court;

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED December 8, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

**VERIFICATION**

Plaintiff Elle Scott declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Elle Scott